ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

NOV -6 2018

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

GILBERTO LOPEZ-GIRALDO,
    a/k/a Mono,
    a/k/a Mono Gilber,
    a/k/a Esquina;
RAUL LOPEZ-GIRALDO,
    a/k/a Bebe,
    a/k/a Mono Raul;
GUILLERMO ESCOBAR,
    a/k/a Memo;
HARBY MAYOR-MEJIA,
    a/k/a Harvey;
ALEXANDER DUQUE-CASANOVA,
    a/k/a Alex.

FIRST SUPERSEDING INDICTMENT

NO.

**UNDER SEAL**

1:17-CR-395

THE GRAND JURY CHARGES THAT:

**COUNT ONE**

Between on or about November 20, 2012 and on or about November 29,

2012, in the Northern District of Georgia, and elsewhere, the defendants:

GILBERTO LOPEZ-GIRALDO,
RAUL LOPEZ-GIRALDO, and
GUILLERMO ESCOBAR,

aided and abetted by each other, Juan Pablo Lozada-Franco, and others known

and unknown to the Grand Jury, did knowingly conduct and attempt to conduct the following financial transactions in and affecting interstate commerce:

| Date | Approximate Amount | Type of Financial Transaction |
|---|---|---|
| 11/23/2012 | $4,240 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $9,800 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $9,800 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $9,800 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $9,800 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $8,450 | Wire Transfer to Bank of America |
| 11/23/2012 | $6,000 | Wire Transfer to Bank of America |

| 11/23/2012 | $2,006 | Wire Transfer to JPMorgan Chase Bank |
|---|---|---|
| 11/23/2012 | $450 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $1,000 | Wire Transfer to Wells Fargo Bank |
| 11/23/2012 | $1,026.03 | Remittance to Jimmy Quintero-Zuluaga |
| 11/26/2012 | $6,126 | Wire Transfer to U.S. Century Bank |
| 11/26/2012 | $11,160 | Wire Transfer to Fifth Third Bank |
| 11/27/2012 | $30,010 | Wire Transfer to Bank of America |
| 11/28/2012 | $31,337 | Wire Transfer to Bank of America |
| 11/28/2012 | $5,000 | Wire Transfer to Bank of America |
| 11/28/2012 | $418 | Remittance to Guillermo Escobar |

| 11/29/2012 | $123 | Remittance to Juan Pablo Lozada-Franco |
|---|---|---|

which transactions involved the proceeds of specified unlawful activity, that is,

the felonious manufacture, importation, receiving, concealment, buying, selling

and otherwise dealing in a controlled substance punishable under a law of the

United States, and that while conducting and attempting to conduct such financial

transaction, knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity, to conceal and

disguise the nature, location, source, ownership, and control of proceeds of said

specified unlawful activity, all in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i) and Section 2.

## COUNT TWO

On or about November 26, 2012, in the Northern District of Georgia, and

elsewhere, the defendants,

GILBERTO LOPEZ-GIRALDO,<br>
RAUL LOPEZ-GIRALDO, and<br>
GUILLERMO ESCOBAR,

aided and abetted by each other, Juan Pablo Lozada-Franco, and others known

and unknown to the Grand Jury, did knowingly engage and attempt to engage in

the following monetary transaction: a $11,160 wire transfer to Fifth Third Bank,

4

by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, said money derived from the manufacture, importation, sale and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT THREE

On or about November 27, 2012, in the Northern District of Georgia, and elsewhere, the defendants,

GILBERTO LOPEZ-GIRALDO,
RAUL LOPEZ-GIRALDO, and
GUILLERMO ESCOBAR,

aided and abetted by each other, Juan Pablo Lozada-Franco, and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transaction: a $30,010 wire transfer to Bank of America, by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, said money derived from the manufacture, importation, sale and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT FOUR

On or about November 28, 2012, in the Northern District of Georgia, and elsewhere, the defendants,

GILBERTO LOPEZ-GIRALDO,
RAUL LOPEZ-GIRALDO, and
GUILLERMO ESCOBAR,

aided and abetted by each other, Juan Pablo Lozada-Franco, and others known

and unknown to the Grand Jury, did knowingly engage and attempt to engage in

the following monetary transaction: a $31,337 wire transfer to Bank of America,

by, through or to a financial institution, affecting interstate and foreign commerce,

in criminally derived property of a value greater than $10,000, said money derived

from the manufacture, importation, sale and distribution of a controlled substance,

in violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT FIVE

Between on or about October 26, 2010 and on or about November 25, 2014,

in the Northern District of Georgia, and elsewhere, the defendants:

GILBERTO LOPEZ-GIRALDO,
RAUL LOPEZ-GIRALDO,
GUILLERMO ESCOBAR,
HARBY MAYOR-MEJIA, and
ALEXANDER DUQUE-CASANOVA

did knowingly combine, conspire, confederate, agree and have a tacit

understanding with each other, Juan Pablo Lozada-Franco, and others known and

unknown to the Grand Jury, to commit an offense under Title 18, United States

Code, Section 1956, as follows: to conduct financial transactions in and affecting

interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE PROVISION**

Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of the money laundering offenses set forth in Counts One, Two, Three, Four, and Five of this Indictment shall forfeit to the United States the following property:

a.       All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 1956 or 1957, or conspiracy to commit such offenses, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other

property that was the subject of each transaction, transportation, transmission or transfer in violation of Sections 1956 or 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

       b.      MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

       3.      If, as a result of any act or omission of the defendants, any property subject to forfeiture:

       a.      cannot be located upon the exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third person;

       c.      has been placed beyond the jurisdiction of the Court;

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be subdivided

without difficulty; the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property

described above.

A _____ True _____ BILL

_____
FOREPERSON

BYUNG J. PAK
  *United States Attorney*

NICHOLAS N. JOY
  *Special Assistant United States Attorney*
Georgia Bar No. 969557
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181